**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CHARLES ANNIS, an individual, ) | |
| POWELL CRAKER, an individual, ) | |
| DELBERT CROUCH, an individual, ) | |
| and ALVIN HALL, an individual, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 04-CV-826-JHP-PJC |
| ) | |
| ARROW TRUCKING COMPANY, ) | |
| an Oklahoma corporation, ) | |
| ) | |
| Defendant. ) | |

**ORDER and OPINION**

Before the Court is Plaintiffs' Motion to File Response to Motion for Summary Judgment Out of Time (Dkt. #96) and Defendant's Response in opposition thereto (Dkt. #97). Upon careful review of the relevant circumstances of this case, and for reasons stated herein, Plaintiffs' Motion is DENIED.

**Discussion**

**I. History of the Case**

This case originated in state court on July 7, 2004, and was removed to this Court on October 28, 2004. The case was initially set for trial on June 5, 2006 before a different Judge. On October 3, 2005, the case was reassigned to the current Judge. Trial was reset for July 24, 2006 and, on Plaintiffs' motion, was reset again for August 21, 2006.

On June 30, 2006, Defendant filed its Motion for Summary Judgment (Dkt. #73). Defendant amended its Motion on July 5, 2006 by agreement of the parties. Around this same time, parties were involved in a dispute over discovery deadlines, which dispute, the Court was

1

assured, would not interfere with any other deadlines. On the day Plaintiffs' Response was due, Plaintiffs' counsel filed a Motion for Extension of Time to Respond (Dkt. #87), citing "a number of filing requirements, hearings and deadlines," including "the Motion to ReOpen Discovery and a Reply [to] the Defendants' Response on the same, and . . . a hearing on the same issue." [Mtn. at 2, ¶ 3.] Over Defendant's objection, the Court gave Plaintiffs until 4:30 p.m. on July 21 to file their Response, but noted that Plaintiffs would not be granted any additional extensions of time.

Undeterred, on July 21, 2006, Plaintiffs filed a Motion to Reconsider Order on Extension of Time (Dkt. #91). On July 24, 2006, the Court entered a minute order denying Plaintiffs' Motion to Reconsider and giving Plaintiffs until 4:00 p.m. that same day to file, noting that failure to do so would result in Defendant's Motion for Summary Judgment being deemed confessed. The Court Clerk also called Plaintiffs' counsel to inform her of the Court's decision. Nevertheless, as of 11:30 a.m. on July 25, Plaintiffs had not responded, and the Court entered a minute order stating that Defendant's Motion for Summary Judgment would be considered unopposed. Plaintiffs filed the instant Motion to File Response to Motion for Summary Judgment Out of Time on July 26, 2006, which Motion is now at issue.

## II.  Plaintiffs' Motion to File Response Out of Time

Generally, parties have eighteen days in which to respond to a motion for summary judgment. LCvR7.2(e). The Court, in its discretion, may – and frequently does – grant extensions of time.[1] Of course, the Court's discretion is bounded by the "management of its docket and avoidance of unnecessary burdens on the tax-supported courts, opposing parties or

---

[1] For example, see Freitag, et al., v. Sonic Automotive, Inc., Case No. 04-CV-164, in which this Court granted Plaintiffs' counsel **four** unopposed extensions of time.

2

both." *See* Ikerd v. Lacy, 852 F.2d 1256, 1258 (10th Cir. 1988) (quoting Matter of Sanction of Baker, 744 F.2d 1438, 1441 (10th Cir. 1984)).  Here, Defendant objected to Plaintiffs' Motion for Extension of Time.  The Court attempted to strike a balance between the needs of the parties, and gave Plaintiffs three additional days, which deadline Plaintiffs did not honor.  Plaintiffs did not even request leave to file out of time until five more days after the original (extended) deadline had passed.

The local rules state:

> If a dispositive motion is not opposed, the Court may in its discretion either (1) provide an additional eleven days, after which the case will be dismissed or the motion will be deemed confessed, as appropriate, or, (2) in the event the moving party has filed a motion for confession of judgment, such motion may be granted following eleven days after filing.  In either event, in the discretion of the Court, the party failing to respond shall be subject to sanctions, including but not limited to all attorney fees and costs incurred by the moving party in connection with such failure to timely oppose the motion.

LCvR7.2(f).  Of course, the Court may accept late filings caused by inadvertence or mistake, after giving "due regard to the totality of the relevant circumstances surrounding the [party's] lapse." Bennett v. City of Holyoke, 362 F.3d 1, 4-5 (1st Cir. 2004) (citing Pioneer Inv. Servs., Inc. v. Brunswick Assocs. L.P., 507 U.S. 380, 388, 395 (1993)).  Under the same rubric, the Court is well within its discretion to deny an extension, or even strike a party's pleading as untimely where the circumstances so warrant.  *See* Curran v. AMI Fireplace Co., 163 Fed. Appx. 714, 718 (10th Cir. 2006) (citing In re Young, 91 F.3d 1367, 1377 (10th Cir. 1996)); *see also* Ghamrawi v. Case & Assocs. Prop., Inc., 116 Fed. Appx. 206, 210 (10th Cir. 2004) (affirming district court's decision to deny fourth extension and grant summary judgment unopposed where counsel claimed that another litigation matter left insufficient time to prepare a response).

In this case, the Court feels strongly that the "totality of the relevant circumstances"

supports denial of Plaintiffs' Motion. For example, although Plaintiffs' counsel cites various "bizarre" computer problems which hampered the e-filing of the Response, counsel seemingly had no difficulties e-filing her requests for more time. Further, although Plaintiffs' counsel complains that she lives in Jenks and "it is not as if I can just walk across the street to scan and file at the courthouse," she admits that she was actually in the courthouse filing documents in another case on the very day the Response in this case was due. Finally, the Court notes that the "usual excuse that the lawyer is too busy . . . can be used, perhaps truthfully, in almost every case." Md. Cas. Co. v. Conner, 382 F.2d 13, 17-18 (10th Cir. 1967). This is not a case of "excusable neglect," nor is it a particularly unique or exceptional case requiring extraordinary concessions. In fact, Plaintiffs' Motion to File Out of Time is, itself, untimely. *See* Allen v. Murph, 194 F.3d 722, 724 (6th Cir. 1999) (denying defendants' motion for leave to file an untimely application for attorney fees, and holding that clients must "be held accountable for the acts and omissions of their chosen counsel"). For the foregoing reasons, Plaintiffs' Motion is DENIED, and the Court shall consider Defendant's Motion for Summary Judgment to be unopposed, pursuant to Fed. R. Civ. P. 56(e).

### III.   Defendant's Motion for Summary Judgment

Under Fed. R. Civ. P. 56(e), "[i]f the adverse party does not [properly] respond, summary judgment, if appropriate, shall be entered against the adverse party." The Tenth Circuit has held that "a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is 'appropriate' under Rule 56." Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). Summary judgment is "appropriate"

when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In making the summary judgment determination, the Court examines the factual record and draws reasonable inferences therefrom in the light most favorable to the non-moving party. Simms v. Oklahoma, 165 F.3d 1321, 1326 (10th Cir. 1999). The presence of a genuine issue of material fact defeats the motion. An issue is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. Id. at 249.

### A.  Background

Plaintiffs are all former at-will employees of Defendant Arrow Trucking Company, who were terminated in early 2003. At the time of their termination, they were all over the age of 40. Plaintiffs allege that Defendant terminated their employment in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. and the Oklahoma Anti-Discrimination Act (OADA), 25 O.S. § 1301 et seq.

#### 1.  Charles Annis

Charles Annis was the Director of the Safety Department of Arrow Trucking in Tulsa, Oklahoma for 15 years. He was terminated on February 11, 2003, at age 65, after Arrow failed a Department of Transportation (DOT) audit. The only "unsatisfactory" rating on the DOT audit was under the control of the Safety Department. The DOT inspector specifically recommended a change of personnel in the Safety Department. Annis was replaced by Jim Martin, age 57.

Annis did not file an age discrimination charge with the EEOC until January 23, 2004, more than 300 days after the last date of discrimination (February 11, 2003).

### 2.  Delbert Crouch

Delbert Crouch also worked in the Safety Department in Tulsa.  He was the Assistant Safety Director for nine years.  He was terminated on February 11, 2003, at age 59.  Crouch was also terminated because the DOT audit was unsatisfactory.  Crouch was replaced by Dave Turner, age 49.  In August 2003, the position of Assistant Safety Director was eliminated.  Crouch did not file an age discrimination charge with the EEOC until January 23, 2004, more than 300 days after the last date of discrimination (February 11, 2003).

### 3.  Powell Craker

Powell Craker, age 56, was the General Manager over maintenance for Defendant's Houston office.  He shared management duties with David Spencer, age 50.  Craker received negative comments on his performance appraisals in 1999, 2000, and 2003.  On April 11, 2003, Defendant informed Craker that his position was being eliminated as part of an effort to streamline Arrow's operations.  His duties were assumed by Spencer.  Craker did not file an age discrimination charge with the EEOC until February 11, 2004, more than 300 days after the last date of discrimination (April 11, 2003).

### 4.  Alvin Hall

Alvin Hall was the Traffic Manager for Defendant's Tulsa office.  He claims that he was forced to retire.  He had discussed his retirement with his supervisors, telling them that he was going to move to Sapulpa where he had bought some land.  In furtherance of his plan to retire to Sapulpa, he put his house on the market in the fall of 2002.  Hall's job duties were assumed by

other employees before he left, and no one was hired to replace him. His position was eventually eliminated, along with several other positions, affecting employees in their twenties, forties, and sixties. Hall's EEOC charge was timely filed.

### B. Discussion

Under LCvR56.1, all material facts set forth in the motion for summary judgment are deemed admitted unless specifically controverted. Because the Court considers Defendant's Motion to be unopposed, the Court finds that there are no genuine issues of material fact and turns to the relevant law.

#### 1. Plaintiffs' claims are time barred.

A claim accrues under the ADEA on "the date the employee is notified of an adverse employment decision" by the employer. Hulsey v. Kmart, Inc., 43 F.3d 555, 557 (10th Cir. 1994). The employee then has 300 days to file a charge with the EEOC. 29 U.S.C. §§ 626(c), (d). A civil action cannot lie if the charge is not timely filed. Id. Here, Annis, Crouch, and Craker all filed their charges with the EEOC more than 300 days after their termination. Because these Plaintiffs failed to comply with the statute of limitations, Defendants are entitled to judgment as a matter of law.

#### 2. Subsequent employees were also in the protected age group.

In order to establish a prima facie case of age discrimination, a plaintiff must show that he was (1) within the protected age group, (2) doing satisfactory work, (3) discharged, and (4) replaced by a person outside the protected age group. Branson v. Price River Coal Co., 853 F.2d 768, 770 (10th Cir. 1988). Annis and Crouch were both replaced by employees who were less than ten years younger than they were, which age difference is insignificant to show

discrimination.  *See* Hartly v. Wisc. Bell, Inc., 124 F.3d 887, 893 (7th Cir. 1997) (holding that anything less than a ten-year age difference is a "presumptively insubstantial gap" which will not support a claim of age discrimination).  Further, both subsequent employees were also in the protected age group.  Craker's position was eliminated, and his duties were assumed by an employee who was less than ten years younger than he was, and therefore, also within the protected age group.  Given these circumstances, Annis, Crouch, and Craker clearly cannot satisfy their burden.  When the party who bears the burden of proof at trial fails to make a sufficient showing to establish the existence of each and every essential element of its claim, summary judgment is appropriate.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

### 3.   Plaintiffs were not discharged.

Craker complains that his position was eliminated.  No evidence exists to contradict this fact or to establish pretext of any kind.  *See* Pippin v. Burlington Res. Oil & Gas Co., 440 F.3d 1186, 194 (10th Cir. 2006).  Hall complains that he was "forced" into retirement, but the evidence indicates that he had every intention of doing so anyway.  No one was hired to replace Hall, and his position was eliminated at the time of his retirement.  No inference of pretext arises from these facts.  Because Craker and Hall cannot establish every element of their claims, summary judgment is appropriate.  *See* Celotex Corp., 477 U.S. at 322.

### 4.   Arrow had legitimate, non-discriminatory reasons for its actions.

Annis and Crouch were terminated for failing to keep the Safety Department in compliance with DOT regulations, and therefore causing Arrow to fail a DOT audit.  Craker also had negative comments on his performance appraisals.  In addition, Arrow was attempting to streamline its operations by eliminating superfluous positions, such as Craker's and Hall's.

Thus, even if Plaintiffs had established prima facie cases of age discrimination, Defendant can show legitimate, non-discriminatory reasons for its actions, such that "the presumption of discrimination . . . simply drops out of the picture." Ingels v. Thiokol Corp., 42 F.3d 616, 621 (10th Cir. 1994) (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 510-11 (1993)).

### 5.   The statistical evidence does not support a discrimination claim.

Defendant's statistical evidence does not support an inference of age discrimination. As of December 1, 2005, Arrow employed 10 employees over the age of 65, 174 employees between 55 and 65 years old, 607 employees between 40 and 54 years old, and 705 employees – or less than half of all personnel – 39 years old or younger. Moreover, in 2003-2004, 2269 employees aged 39 and younger terminated employment with Arrow, as well as 1689 employees over the age of 40. To create an inference of discrimination, statistical evidence "must show a significant disparity and eliminate nondiscriminatory explanations for the disparity." Fallis v. Kerr-McGee Corp., 944 F.2d 743, 746 (10th Cir. 1991). Here, there is simply no disparity to speak of, and Plaintiffs age discrimination claims must therefore fail.

### 6.   Plaintiffs have no claim under OADA.

Because Plaintiffs have a remedy under federal statutory law (*i.e.*, the ADEA), they cannot maintain a separate claim under OADA. *See* Clinton v. State ex rel. Logan County Election Bd., 29 P.3d 543, 546 (Okla. 2001). Further, for reasons discussed above, the Court finds that Defendant's actions did not violate public policy.

### C.   Conclusion

For all the foregoing reasons, the Court finds that Defendant's are entitled to judgment as

a matter of law.  Defendant's Motion for Summary Judgment is therefore GRANTED in its entirety, and Plaintiffs' claims are DISMISSED.

## Conclusion

Plaintiffs' Motion to File Out of Time is DENIED.  The Court further finds that, due to Plaintiffs' inexcusable neglect, they have waived their right to respond, such that Defendant's Motion for Summary Judgment is deemed unopposed.  Upon consideration of the merits of said Motion, the Court finds that summary judgment is appropriate, and Defendant's Motion is therefore GRANTED.  This case is hereby terminated.

Further, for failing to respond in a timely fashion to Defendant's Motion for Summary Judgment, and for wasting the time of opposing counsel and this Court in litigating the issue of time, rather than the issues of the case, the Court finds that Plaintiffs are subject to sanctions. *See* LCvR7.2(f); *see also* Fed. R. Civ. P. 16(f) (allowing judge to impose sanctions for failure to comply with scheduling order, including attorney fees and costs incurred because of said noncompliance).  Plaintiffs shall pay all attorney fees and costs incurred by Defendant in connection with such failure.  Defendant shall submit evidence of same within 30 days from the entry of this Order.

IT IS SO ORDERED this 1st day of August 2006.

James H. Payne
United States District Judge
Northern District of Oklahoma